Dear Representative Harpool:
This letter is in response to your question asking as follows:
 Absent a waiver of the competitive bid requirements of Chapter 34 by the Commissioner of Administration, and/or delegation of authority provided for in Chapter 34 by the Commissioner of Administration, may the Department of Mental Health of the State of Missouri directly purchase community mental health services and/or community placement services for "patients, residents or clients" without competitive bidding?
We enclose a copy of our Opinion No. 7-85 which answers your question in part.
Your question primarily concerns the relationship between Section 630.405, RSMo Supp. 1984, and Section 34.100, RSMo Supp. 1984.
Section 630.405.3 provides:
 3. The commissioner of administration, in consultation with the director [of the Department of Mental Health], shall promulgate rules establishing procedures consistent with the usual state purchasing procedures under chapter 34, RSMo, for the purchase of services under this section. The commissioner may authorize the department to purchase any technical service which, in his judgment, can best be purchased direct under chapter 34, RSMo. The commissioner shall cooperate with the department to purchase timely services appropriate to the needs of the patients, residents or clients of the department.
Section 34.100 provides:
 1. The commissioner of administration shall have power to authorize any department to purchase direct any supplies which in his judgment can best be purchased direct by such department. He shall prescribe rules under which such direct purchases shall be made; provided, however, that all such direct purchases shall be based upon competitive bids as otherwise required by this chapter. The commissioner in promulgating such rules may establish a procedure for a waiver of competitive bids where the bids received are not acceptable or where a minimum number of bids was not received and may allow for rebidding. The rules also may provide for a waiver of the bid procedure and may allow departments to negotiate the purchase of services for patients, residents, or clients with funds appropriated for this purpose. Each waiver issued by the commissioner shall be valid for no longer than one year and may be renewable by the commissioner. All such direct purchases shall be reported immediately to the commissioner of administration, together with all bids received and prices paid. No claim for payment based upon any such direct purchase shall be certified by the commissioner unless accompanied by such documentation of compliance with the provisions of this chapter as he may require.
 2. The commissioner shall have power to make or to authorize emergency purchases not to exceed the cost of one thousand dollars to be made direct by any department.
It is clear from our quotation of subsection 3 of Section630.405 that such section and Section 34.100 have to be read together. Under Section 630.405, the Commissioner of Administration may authorize the Department to purchase technical services which, in his judgment, can best be purchased direct "under chapter 34, RSMo". The Commissioner of Administration, in consultation with the Director, is required to promulgate rules establishing procedures consistent with the usual state purchasing procedures under Chapter 34 for the purchase of services under Section 630.405.
Under Section 34.100, which is incorporated by reference in Section 630.405, the Commissioner of Administration is required to promulgate certain rules including rules for direct purchases. Direct purchases are required to be bid, however, the rules may provide for a waiver of the bid procedure and may allow the department to negotiate the purchase of services for patients, residents, or clients with funds appropriated for that purpose.
The conclusion seems inescapable that the so-called "direct purchases" cannot be made without bids unless the Commissioner of Administration has authorized a waiver of the bid procedure.
We trust this answers your question.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure:
Opinion No. 7-85